1  THEODORE K. STREAM, State Bar No. 138160
   Email: Ted.Stream@greshamsavage.com
2  GRESHAM SAVAGE NOLAN & TILDEN
   A Professional Corporation
3  3750 University Avenue, Suite 250
   Riverside, CA 92501-3335
4
   LISA H. MEYERHOFF (*Pro Hac Vice* Pending)
5  Texas Bar No. 14000255
   Email: Lisa.Meyerhoff@Bakermckenzie.com
6  MYALL S. HAWKINS (*Pro Hac Vice* Pending)
   Texas Bar No. 09250320
7  Email:  Myall.Hawkins@Bakermckenzie.com
   BAKER & McKENZIE LLP
8  711 Louisiana, Suite 3400
   Houston, Texas 77002
9  Telephone:  (713) 427-5000
   Facsimile:  (713) 427-5099
10
11 Attorneys for Plaintiff
   In-N-Out Burgers, Inc.

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 IN-N-OUT BURGERS, Inc.,          Case No. SA CV 11 - 01418 AG MLGx

16            Plaintiff,            **PLAINTIFF'S ORIGINAL COMPLAINT**

17      v.
                                    **I. FEDERAL TRADEMARK**
18 CALIBURGER, LLC, JOHN C.         **INFRINGEMENT [15 U.S.C. § 1114]**
   MILLER, AND JEFFREY LI JUE,      **II. TRADEMARK**
19                                  **COUNTERFEITING [15 U.S.C. § 1114]**
            Defendants.             **III. FEDERAL UNFAIR**
20                                  **COMPETITION [15 U.S.C. § 1125(a)]**
                                    **IV. STATUTORY UNFAIR**
21                                  **COMPETITION [CAL. BUS. & PROF.**
                                    **CODE § 17200, ET SEQ.]**
22                                  **V. COMMON-LAW UNFAIR**
                                    **COMPETITION**
23                                  **VI. COMMON-LAW TRADEMARK**
                                    **INFRINGEMENT**
24                                  **VII. INTENTIONAL**
                                    **INTERFERENCE WITH**
25                                  **PROSPECTIVE ECONOMIC**
                                    **ADVANTAGE**
26
                                    **DEMAND FOR JURY TRIAL**
27

28

Baker & McKenzie LLP
Houston, TX

FILED

2011 SEP 14  AM 11:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

COPY

Plaintiff In-N-Out Burgers, Inc. files this Original Complaint against Defendants CaliBurger, LLC ("CaliBurger"), John Corey Miller ("Miller"), and Jeffrey Li Jue ("Jue") (collectively, "Defendants"), and for cause would show the Court the following:

## JURISDICTION, PARTIES AND VENUE

1.     The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a) because it is a civil action involving a federal question related to claims for trademark infringement and trademark counterfeiting arising under the Lanham Act, Title 15 of the United States Code.  The Court has original jurisdiction over this controversy under 15 U.S.C. § 1121 because it is a civil action involving trademark infringement, trademark counterfeiting, and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125.  The Court also has subject matter jurisdiction over this controversy under 28 U.S.C. § 1338(b) because it is a civil action involving a claim for unfair competition joined with claims for trademark infringement and trademark counterfeiting arising under the Lanham Act, Title 15 of the United States Code.  The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

2.     The Court has personal jurisdiction over Defendants because Defendants are conducting business in this State, Defendant CaliBurger has its principal office within the Central District of this State, Defendants Miller and Jue are citizens of and reside within the Central District of this State, Defendants' acts of trademark infringement, trademark counterfeiting, and unfair competition are occurring in this State, Defendants are orchestrating and directing the illegal activities in and from this State, Defendants know or should know that they are causing harm to Plaintiff in this State, and Defendants should reasonably anticipate being haled into court in this State.

3.      Plaintiff In-N-Out Burger, Inc. ("In-N-Out") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 4199 Campus Drive, Irvine, California 92612.

4.      On information and belief, Defendant CaliBurger, LLC is a limited liability company (LLC) organized and existing under the laws of Delaware, with its principal place of business at 23644 Maple Springs Drive, Diamond Bar, California 91765.  On information and belief, Defendant CaliBurger regularly transacts business in this State and in the Central District of this Court.  Defendant CaliBurger may be served with process by serving its Manager and registered agent, John C. Miller, at 23644 Maple Springs Drive, Diamond Bar, California 91765.

5.      On information and belief, Defendant John Corey Miller is an officer, owner and/or manager of Defendant CaliBurger, with primary responsibility for the operation and management of that LLC.  Defendant Miller has the right and ability to supervise the activities of Defendant CaliBurger and has direct control over that LLC, including CaliBurger's illegal activities as alleged herein.  Defendant Miller may be served with process by serving him at his place of business at 23644 Maple Springs Drive, Diamond Bar, California 91765.

6.      On information and belief, Defendant Jeffrey Li Jue is an agent, manager, officer, and/or owner of Defendant CaliBurger, with primary responsibility for the operation and management of that LLC.  Defendant Jue has the right and ability to supervise the activities of Defendant CaliBurger and has direct control over that LLC, including CaliBurger's illegal activities as alleged herein.  Defendant Jue may be served with process by serving him at 797 Via Somonte, Palos Verdes Estates, California 90274.

7.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving

rise to Plaintiff's claims occurred in the Central District of this Court, and because Defendants are subject to personal jurisdiction in the Central District of this Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### In-N-Out's Business

8.    Plaintiff In-N-Out is in the restaurant business, namely fresh, fast food. Since 1948, In-N-Out has offered only the following types of food items: hamburgers, french fries, and milk shakes. In-N-Out's menu has been the same since it opened its first restaurant more than sixty (60) years ago. In-N-Out has become well known across the United States and throughout the world for its hamburgers, french fries, and milk shakes. Today, In-N-Out has grown to over 260 restaurant locations, in part because of its reputation around the world.

9.    No In-N-Out restaurant has a microwave or a freezer. All meat patties, buns, french fries, and milk shakes are made fresh. In-N-Out's dedication to fresh food has, in part, made the company well known for high quality, delicious food. Indeed, Zagat® and The Wall Street Journal have ranked In-N-Out as one of the top fast food restaurants. Each In-N-Out location prominently displays the company's motto: "Quality you can taste."®

10.    A staple item on In-N-Out's menu is the "DOUBLE-DOUBLE" hamburger. Some of In-N-Out's menu items are on its "not-so-secret" menu, which In-N-Out created from customers' preferences over time. These items include the "ANIMAL STYLE" and "PROTEIN STYLE" hamburgers and french fries.

11.    In-N-Out's hamburgers are identified by Plaintiff's trademarks and service marks "DOUBLE-DOUBLE," "ANIMAL STYLE," and "PROTEIN STYLE" (the "In-N-Out Marks").

12.    Plaintiff owns numerous federal registrations for its In-N-Out Marks. For example, Plaintiff owns U.S. Registration No. 1,002,370, together with all common-law rights, in the trademark "DOUBLE-DOUBLE" for a "specially prepared

sandwich as part of restaurant services" based on use since at least as early as 1963. This registration is incontestable pursuant to 15 U.S.C. § 1065.

13.    Plaintiff owns U.S. Registration No. 1,165,723, together with all common-law rights, in the trademark "DOUBLE DOUBLE" for "hamburger sandwiches for consumption on or off the premises" based on use since at least as early as March 1978. This registration is incontestable pursuant to 15 U.S.C. § 1065.

14.    Plaintiff owns U.S. Registration No. 3,572,485, together with all common-law rights, in the trademark "DOUBLE-DOUBLE" for "a sandwich, namely, a burger the principal ingredients of which are two meat patties and two slices of cheese" based on use since at least as early as December 31, 1963.

15.    Plaintiff owns U.S. Registration No. 1,601,172, together with all common-law rights, in the trademark "ANIMAL" for "specially prepared hamburger sandwiches and cheeseburger sandwiches, containing extra ingredients and condiments for consumption on or off the premises" based on use since at least as early as 1960. This registration is incontestable pursuant to 15 U.S.C. § 1065.

16.    Plaintiff owns U.S. Registration No. 3,171,386, together with all common-law rights, in the service mark "ANIMAL" for "food preparation" services based on use since at least as early as 1960.

17.    Plaintiff owns U.S. Registration No. 3,826,995, together with all common-law rights, in the trademark "ANIMAL" for "specially prepared french fries including extra ingredients" based on use since at least as early as May 2003.

18.    Plaintiff owns U.S. Registration No. 1,598,792, together with all common-law rights, in the trademark "PROTEIN" for a "specially prepared entrée comprising meat patty wrapped in lettuce leaves for consumption on or off the premises" based on use since at least as early as 1958. This registration is incontestable pursuant to 15 U.S.C. § 1065.

19.    Plaintiff owns U.S. Registration No. 3,171,388, together with all common-law rights, in the service mark "PROTEIN" for "food preparation" services based on use since at least as early as 1958.  Copies of In-N-Out's U.S. Registrations are attached as Plaintiff's Exhibits A through H.

20.    In-N-Out's "DOUBLE-DOUBLE," "ANIMAL STYLE," and "PROTEIN STYLE" hamburgers and french fries are famous and widely reported in global media as favorites of Hollywood celebrities and athletes, as well as being featured in various films and television programs.

21.    Plaintiff has developed an outstanding reputation in the In-N-Out Marks because of the uniform high quality of In-N-Out menu items, including its hamburgers.

22.    Plaintiff also owns numerous registrations for its trademarks and service marks in other countries, as listed below:

| Country | Reg. Number | Mark | Int'l Class(es) | Registration Date |
|---------|-------------|------|-----------------|-------------------|
| Australia | 563,989 | DOUBLE-DOUBLE | 30 and 42 | September 23, 1991 |
| Hong Kong | 1994B05372 | DOUBLE-DOUBLE | 30 | September 9, 1994 |
| Hong Kong | 2000B15633 | DOUBLE-DOUBLE | 30 | October 4, 1999 |
| Japan | 2,627,822 | DOUBLE-DOUBLE | 29 | February 28, 1994 |
| Japan | 3,172,888 | DOUBLE-DOUBLE | 42 | June 28, 2006 |

23.     Plaintiff's U.S. Registrations are in full force and effect and have been in full force and effect at all times relevant hereto.

24.     Plaintiff has used its In-N-Out Marks for over forty (40) years in connection with its hamburgers, french fries and related food services.

25.     The In-N-Out Marks identify high-quality food items and services, originating from Plaintiff.

26.     Plaintiff has expended significant time, skill, effort, and money creating, preparing, and serving its food items under the In-N-Out Marks.

## Defendants' Illegal Activities

27.     Plaintiff recently learned that Defendants have taken actions to infringe Plaintiff's In-N-Out Marks with food products and related food services. On information and belief, Defendants are attempting to register Plaintiff's In-N-Out Marks and/or cancel Plaintiff's In-N-Out registrations outside of the United States, including in Australia, China, Hong Kong, Japan, Korea, Russia and Singapore.

28.     On information and belief, non-party Caterlex Pty. Ltd. is a wholly-owned subsidiary of Defendant CaliBurger. On information and belief, Caterlex has filed various applications to remove or cancel Plaintiff's trademark and service mark registrations outside of the United States, in Australia, Hong Kong, and Japan.

29.     On information and belief, Defendants are also advertising food products and restaurant services under Plaintiff's In-N-Out Marks outside of the United States, including in China.

30.     On information and belief, Defendants are orchestrating and directing their infringing activities, including those of Caterlex, from their offices in the United States and in this District.

31.     On information and belief, Defendants' adoption, advertising, commercial use, and attempted registration and/or cancellation of one of more of Plaintiff's In-N-Out Marks and/or registrations outside of the United States began

long after Plaintiff adopted and began using the In-N-Out Marks with its food items and related food services.

32.     Plaintiff has never licensed or authorized Defendants or Caterlex to adopt, use, or apply to register Plaintiff's In-N-Out Marks with any goods or services, including food, food-related goods and/or restaurant services.

33.     As a consequence of Defendants' acts, Plaintiff has suffered substantial damages in the United States, and Defendants have acquired and/or will acquire profits at Plaintiff's expense.

34.     The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm in the United States.

## COUNT I

## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

35.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     Plaintiff owns and uses the In-N-Out Marks for hamburgers, french fries and related food services.

37.     Through significant effort, money, skill and experience, Plaintiff has acquired and enjoys valuable goodwill, recognition and reputation through its In-N-Out Marks.  The maintenance of high standards of quality and excellence for its food items and related food services has contributed to In-N-Out's valuable goodwill, recognition and reputation.

38.     On information and belief, Defendants have adopted, applied to register, advertised, offered for sale, sold and/or used Plaintiff's In-N-Out Marks with hamburgers and french fries and related food services without Plaintiff's permission or authorization.

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

Case No
PLAINTIFF'S ORIGINAL COMPLAINT

39.     Defendants' unauthorized adoption, application to register, advertising, offer for sale, sale and/or use of Plaintiff's In-N-Out Marks are likely to cause confusion, mistake and deception.

40.     The acts of Defendants complained of above constitute trademark infringement, either directly and/or contributorily, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     As a result of the foregoing acts of Defendants, Plaintiff has suffered damages in the United States.

42.     The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm in the United States.

## COUNT II

## TRADEMARK COUNTERFEITING

43.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

44.     On information and belief, Defendants have used spurious designations that are identical to or substantially indistinguishable from the In-N-Out Marks with goods and services covered by Plaintiff's U.S. registrations for the In-N-Out Marks.

45.     On information and belief, Defendants have intentionally adopted and used said spurious designations knowing that they are counterfeit marks in connection with the advertising, offer for sale, sale and/or distribution of food and food-related services.

46.     Defendants' unauthorized adoption, advertising, offer for sale, sale and/or use of Plaintiff's In-N-Out Marks with food products and food-related services are likely to cause confusion, mistake and deception.  Specifically, Defendants' unauthorized adoption, advertising, offer for sale, sale and/or use of Plaintiff's In-N-Out Marks as set forth above are likely to cause the consuming public to believe that

Baker & McKenzie LLP
Houston, TX

Case No _____
PLAINTIFF'S ORIGINAL COMPLAINT

HOUDMS/300023.1

Defendants' food items and related food services are the same as Plaintiff's, or that they are authorized, sponsored or approved by Plaintiff, or that Defendants are affiliated, connected or associated with or in some way related to, Plaintiff, when they are not.

47.    Defendants' unauthorized adoption, advertising, offer for sale, sale and/or use of Plaintiff's In-N-Out Marks with food items and related food services are likely to result in Defendants unfairly benefiting from Plaintiff's advertising and promotion of its food items and related food services, and in Defendants profiting from the reputation of Plaintiff and its In-N-Out Marks, all to the substantial and irreparable injury of the public, Plaintiff and its In-N-Out Marks, and the substantial associated goodwill.

48.    Defendants' acts complained of above constitute trademark counterfeiting, either directly and/or contributorily, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.    As a result of the foregoing acts of Defendants, Plaintiff has suffered damages in the United States.

50.    The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm in the United States.

**COUNT III**

**FEDERAL UNFAIR COMPETITION**

51.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.    The acts of Defendants complained of constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' food items and related food services as those of Plaintiff, either directly

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

and/or contributorily, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.    As a result of the foregoing acts of Defendants, Plaintiff has suffered damages in the United States.

54.    The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts alleged herein will continue to cause Plaintiff irreparable harm in the United States.

## COUNT IV

### UNFAIR COMPETITION PURSUANT TO

### CAL. BUS. & PROF. CODE § 17200, et seq.

55.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    The acts of Defendants complained of above constitute unlawful, unfair and/or fraudulent business acts or practices.

57.    The acts of Defendants complained of above constitute unfair competition, either directly and/or contributorily, in violation of California Business and Professions Code § 17200, et seq.

58.    As a result of the foregoing acts of Defendants, Plaintiff has suffered damages in the United States.

59.    The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts as alleged herein will continue to cause Plaintiff irreparable harm, loss and injury in the United States.

## COUNT V

### COMMON-LAW UNFAIR COMPETITION

60.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

Baker & McKenzie LLP
Houston, TX

11

61.   The acts of Defendants complained of above constitute unlawful, unfair and/or fraudulent business acts or practices.

62.   The acts of Defendants complained of above constitute unfair competition, either directly and/or contributorily, in violation of the common law of the State of California.

63.   As a result of the foregoing acts of Defendants, Plaintiff has suffered damages in the United States.

64.   The foregoing acts of Defendants have caused Plaintiff irreparable harm in the United States.  Unless enjoined, Defendants' acts as alleged herein will continue to cause Plaintiff irreparable harm, loss, and injury in the United States.

**COUNT VI**

**<u>COMMON-LAW TRADEMARK INFRINGEMENT</u>**

65.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.   The acts of Defendants complained above constitute trademark infringement, either directly and/or contributorily, in violation of the common law of the State of California.

67.   On information and belief, Defendants' acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Plaintiff's goodwill and reputation in the United States.

68.   The foregoing acts of Defendants have caused Plaintiff irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue to cause Plaintiff irreparable harm, loss and injury in the United States.

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

# COUNT VII

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE

69.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.   Plaintiff and its In-N-Out Marks are known around the world, including in Australia, China, Hong Kong, Japan, Russia, and Singapore.

71.   By virtue of its numerous trademark and service mark registrations for the In-N-Out Marks in other countries such as Australia, Hong Kong and Japan, Plaintiff has a continuing probability of expanding its physical locations and continuing and/or entering into business in other countries, such as those disclosed herein, with the expected economic benefit to Plaintiff of generating revenues and profits from such use and/or expansion.

72.   On information and belief, at all relevant times, Defendants have known that Plaintiff has entered and/or may enter into business in the disclosed countries.

73.   On information and belief, Defendants' above-described  conduct is more than coincidental, as Defendants have actual and constructive knowledge of Plaintiff's lengthy commercial activities.

74.   Defendants knew or should have known that their wrongful acts of trademark infringement described above would substantially interfere with Plaintiff's existing and prospective trademark and service mark registrations.  In fact, such wrongful acts have actually disrupted Plaintiff's existing and prospective business relationships.

75.   Defendants' above-described conduct has caused actual disruption to Plaintiff, as Defendants have filed applications to cancel or remove Plaintiff's trademark and service mark registrations in at least Australia, Hong Kong, and Japan.

76.    Plaintiff has and will continue to suffer economic harm in the United States proximately caused by the acts of Defendants.

77.    By their unsanctioned conduct, Defendants have interfered with and, unless enjoined by the Court, will continue to interfere with Plaintiff's existing and prospective business relationships by misappropriating and/or diminishing the value of Plaintiff's intellectual property rights in and to its trademarks and service marks.

78.    Defendants' tortious conduct described above is a substantial factor in causing Plaintiff's harm in the United States in an amount to be proven at trial.

79.    Defendants' acts constitute intentional interference with prospective economic advantage in violation of the common law of the State of California.

80.    Defendants' conduct described above is willful, intentional, malicious and oppressive, entitling Plaintiff to an award of exemplary and punitive damages in an amount to be proven at trial against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff In-N-Out Burger requests that the Court order the following relief:

A.    Defendants have infringed and are infringing Plaintiff's exclusive rights in the In-N-Out Marks in violation of 15 U.S.C. § 1114;

B.    Defendants' acts constitute willful infringement pursuant to 15 U.S.C. § 1114;

C.    Defendants' acts constitute trademark counterfeiting pursuant to 15 U.S.C. § 1114;

D.    Defendants' acts constitute willful trademark counterfeiting pursuant to 15 U.S.C. § 1114;

E.    Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or misrepresentations in violation of 15 U.S.C. § 1125(a);

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

F.     Defendants' acts constitute willful use in commerce of false designations of origin and false and/or misleading descriptions or misrepresentations in violation of 15 U.S.C. § 1125(a);

G.     Defendants be required to account to Plaintiff for all profits resulting from Defendants' infringing activities, and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively that Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $1,000,000 for each In-N-Out Mark that Defendants counterfeited;

H.     Defendants be required to deliver up for destruction to Plaintiff all material bearing the In-N-Out Marks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118;

I.     Defendants have unfairly competed with Plaintiff in violation of California Business and Professions Code § 17200, et seq.;

J.     Defendants be required to account for Plaintiff's damages resulting from Defendants' unfair competition under California Business and Professions Code § 17200, et seq.;

K.     Defendants have unfairly competed with Plaintiff in violation of the common law of the State of California;

L.     Defendants have infringed and are infringing Plaintiff's exclusive rights in the In-N-Out Marks in violation of the common law of the State of California;

M.     Defendants have intentionally interfered with prospective economic advantage in violation of the common law of the State of California;

N.     The Court award punitive and exemplary damages to Plaintiff in an amount to be determined at the time of trial;

O.     Defendants, their officers, agents, servants, employees, and all persons acting in concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined and restrained from:

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

Case No
PLAINTIFF'S ORIGINAL COMPLAINT

(1)   Using any reproduction, counterfeit, copy or colorable imitation of any of the In-N-Out Marks to identify any goods or offer or provide any services not authorized by Plaintiff;

(2)   Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's In-N-Out Marks;

(3)   Using a false designation or representations including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Plaintiff or sponsored by or associated with Plaintiff, and from offering such goods or services in commerce;

(4)   Registering or cancelling registrations for any of the In-N-Out Marks outside of the United States; and

(5)   Attempting, causing, or assisting any of the above-described acts.

P.   Defendants, within thirty (30) days of judgment herein, file and serve on Plaintiff a sworn statement setting forth in detail the manner and form in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a);

Q.   Plaintiff recover from Defendants the costs, disbursements of this action, and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

R.   Defendants be ordered to pay pre-judgment interest to Plaintiff on all amounts awarded and post-judgment interest until paid at the maximum lawful rate;

S.   The Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof; and

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

Case No
PLAINTIFF'S ORIGINAL COMPLAINT

1

T.     Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:   September ___, 2011

GRESHAM SAVAGE NOLAN & TILDEN

_____
THEODORE K. STREAM

Attorneys for Plaintiff In-N-Out Burgers, Inc.

Baker & McKenzie LLP
Houston, TX

HOUDMS/300023.1

Case No _____
PLAINTIFF'S ORIGINAL COMPLAINT

Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent Office

Reg. No. 1,002,370
Registered Jan. 21, 1975

### SERVICE MARK
#### Principal Register

## DOUBLE-DOUBLE

In-N-Out Burgers (California corporation)
1404 W. Covina Blvd.
San Dimas, Calif.

For: SPECIALLY PREPARED SANDWICH AS PART OF RESTAURANT SERVICES, in CLASS 100 (INT. CL. 42).

First use at least as early as 1963; in commerce at least as early as 1963.

Ser. No. 451,564, filed Mar. 15, 1973.

Exhibit A

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,165,723
Registered Aug. 18, 1981

### TRADEMARK
#### Principal Register

### DOUBLE DOUBLE

In-N-Out Burgers (California corporation)
13502 E. Virginia Ave.
Baldwin Park, Calif. 91706

For: HAMBURGER SANDWICHES FOR CONSUMPTION ON OR OFF THE PREMISES, in CLASS 30 (U.S. Cl. 46).
    First use Mar. 1978; in commerce Mar. 1978.
    Owner of U.S. Reg. No. 1,002,370.

Ser. No. 216,520, filed May 21, 1979.

BETH CHAPMAN, Primary Examiner

JERRY L. PRICE, Examiner

Exhibit B

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

**Reg. No. 3,572,485**
Registered Feb. 10, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# DOUBLE-DOUBLE

IN-N-OUT BURGERS (CALIFORNIA CORPORA-
TION)
10TH FLOOR
4199 CAMPUS DR.
IRVINE, CA 92612

FOR: A SANDWICH, NAMELY, A BURGER THE
PRINCIPAL INGREDIENTS OF WHICH ARE TWO
MEAT PATTIES AND TWO SLICES OF CHEESE, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 12-31-1963; IN COMMERCE 12-31-1963.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,002,370, 2,109,126
AND OTHERS.

SER. NO. 77-515,377, FILED 7-6-2008.

PAM WILLIS, EXAMINING ATTORNEY

Exhibit C

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,601,172
Registered June 12, 1990

## TRADEMARK
### PRINCIPAL REGISTER

## ANIMAL

IN-N-OUT BURGERS (CALIFORNIA CORPO-
RATION)
13502 EAST VIRGINIA AVENUE
BALDWIN PARK, CA 91706

FOR: SPECIALLY PREPARED HAMBURGER
SANDWICHES AND CHEESEBURGER SAND-
WICHES, CONTAINING EXTRA INGREDI-
ENTS AND CONDIMENTS FOR CONSUMP-

TION ON OR OFF THE PREMISES, IN CLASS
30 (U.S. CL. 46).
FIRST USE 0-0-1960; IN COMMERCE
0-0-1960.
SEC. 2(F).

SER. NO. 73-777,545, FILED 1-30-1989.

JILL E. JOHNSON, EXAMINING ATTORNEY

Exhibit D

Exhibit D, Page 21

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,171,386
Registered Nov. 14, 2006

### SERVICE MARK
### PRINCIPAL REGISTER

# ANIMAL

IN-N-OUT BURGERS (CALIFORNIA CORPORA-
TION)
NINTH FLOOR
4199 CAMPUS DRIVE
IRVINE, CA 92612

   FOR: FOOD PREPARATION, IN CLASS 43 (U.S.
CLS. 100 AND 101).

   FIRST USE 0-0-1960; IN COMMERCE 0-0-1960.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

   OWNER OF U.S. REG. NO. 1,601,172.

   SER. NO. 78-781,655, FILED 12-28-2005.

   ALEXANDER L. POWERS, EXAMINING ATTOR-
NEY

Exhibit E

# United States of America

## United States Patent and Trademark Office

# ANIMAL

**Reg. No. 3,826,995**
**Registered Aug. 3, 2010**

**Int. Cl.: 29**

**TRADEMARK**

**PRINCIPAL REGISTER**

IN-N-OUT BURGERS (CALIFORNIA CORPORATION)
4199 CAMPUS DRIVE, 9TH FLOOR
IRVINE, CA 92612

FOR: SPECIALLY PREPARED FRENCH FRIES INCLUDING EXTRA INGREDIENTS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 1-1-2003; IN COMMERCE 5-1-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,601,172 AND 3,171,386.

SER. NO. 77-748,082, FILED 5-29-2009.

DARRYL SPRUILL, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office

Exhibit F

Int. Cl.: 29

Prior U.S. Cl.: 46

**Reg. No. 1,598,792**

## United States Patent and Trademark Office    Registered May 29, 1990

**TRADEMARK**
**PRINCIPAL REGISTER**


**PROTEIN**

IN-N-OUT BURGERS (CALIFORNIA CORPO-
RATION)
13502 EAST VIRGINIA AVENUE
BALDWIN PARK, CA 91706

FOR: SPECIALLY PREPARED ENTREE
COMPRISING MEAT PATTY WRAPPED IN
LETTUCE LEAVES FOR CONSUMPTION ON

OR OFF THE PREMISES, IN CLASS 29 (U.S. CL.
46).
FIRST USE 0-0-1958; IN COMMERCE
0-0-1958.
SEC. 2(F).

SER. NO. 73–777,544, FILED 1–30–1989.

JILL E. JOHNSON, EXAMINING ATTORNEY

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 3,171,388
Registered Nov. 14, 2006

### SERVICE MARK
### PRINCIPAL REGISTER

# PROTEIN

IN-N-OUT BURGERS (CALIFORNIA CORPORA-
TION)
NINTH FLOOR
4199 CAMPUS DRIVE
IRVINE, CA 92612

   FOR: FOOD PREPARATION, IN CLASS 43 (U.S.
CLS. 100 AND 101).

   FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

   OWNER OF U.S. REG. NO. 1,598,792.

   SER. NO. 78-781,707, FILED 12-28-2005.

ALEXANDER L. POWERS, EXAMINING ATTOR-
NEY

Exhibit H

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1418 AG  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Theodore K. Stream, State Bar No. 138160
Email: Ted.Stream@greshamsavage.com
GRESHAM SAVAGE NOLAN & TILDEN, PC
3750 University Ave., Ste 250
Riverside, CA 92501-3335

**COPY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

In-N-Out Burgers, Inc.,

SA CV

PLAINTIFF(S)

v.

CaliBurger, LLC, John C. Miller; Jeffrey Li Jue,

DEFENDANT(S).

CASE NUMBER

11 - 01418 AG MLGx

**SUMMONS**

TO:   DEFENDANT(S): ___CaliBurger, LLC; John C. Miller; Jeffrey Li Jue___

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, ___Theodore K. Stream___ , whose address is ___3750 University Ave., Ste 250, Riverside, Ca 92501-3335___ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

**TERRY NAFISI**
Clerk, U.S. District Court

Dated: __SEP 1 4 2011__

By: ___L/MURRAY___
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>In-N-Out Burgers, Inc. | DEFENDANTS<br>CaliBurger, LLC; John C. Miller; Jeffrey Li Jue |
|---|---|
| Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Theodore K. Stream, GRESHAM SAVAGE NOLAN & TILDEN, PC<br>3750 University Ave., Ste. 250, Riverside, CA 92501-3335<br>(951) 684-2171 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ in excess min./jurisdictional limit

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §1114 (Trademark Infringement/Counterfeiting); 15 USC § 1125(a) (Unfair Competition); Cal. Bus & Prof. Code §17200 (Statutory Unfair Competition)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SA CV 11 - 01418 AG MLGx

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

SEP 14 2011

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| In-N-Out Burgers, Inc. does business in Orange County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CaliBurger, LLC is a Delaware limited liability company doing business in the State of California, City of Diamond Bar in Los Angeles County. John C. Miller & Jeffrey Li Jue both are residents of Los Angeles County. | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date September 13, 2011

  Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |